1  Kenneth G. Parker (State Bar No. 182911)
   kenneth.parker@haynesboone.com
2  Jason T. Lao (State Bar No. 288161)
   jason.lao@haynesboone.com
3  **HAYNES AND BOONE, LLP**
   600 Anton Boulevard, Suite 700
4  Costa Mesa, California 92626
   Telephone: (949) 202-3000
5  Facsimile: (949) 202-3001

6  William H. Frankel (IL Bar No. 3127933;
        admitted *pro hac vice*)
7  wfrankel@brinksgilson.com
   Tadashi Horie (IL Bar No. 6256941;
8       admitted *pro hac vice*)
   thorie@brinksgilson.com
9  Andrew S. McElligott (IL Bar No. 6317538;
        admitted *pro hac vice*)
10 amcelligott@brinksgilson.com
   **BRINKS GILSON & LIONE**
11 455 N. Cityfront Plaza Drive, Suite 3600
   Chicago, Illinois 60611
12 Telephone: (312) 321-4200
   Facsimile: (312) 321-4299
13
   Jieun Lee (VA Bar No. 92923;
14      admitted *pro hac vice*)
   jlee@brinksgilson.com
15 **BRINKS GILSON & LIONE**
   1775 Pennsylvania Ave. NW, Suite 900
16 Washington, DC 20006
   Telephone: (202) 296-8700
17 Facsimile: (202) 296-8701

18 *Attorneys for Plaintiff Panasonic Corporation*

19               **UNITED STATES DISTRICT COURT**

20               **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 21  PANASONIC CORPORATION, | Case No. 8:19-cv-01118-DOC-DFM |
| 22         Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| 23         v. | **(1) INFRINGEMENT OF U.S. PATENT NO. D766,232;** |
| 24  GETAC TECHNOLOGY CORPORATION and GETAC, | **(2) INFRINGEMENT OF U.S. PATENT NO. D756,994;** |
| 25  INC., | **(3) INFRINGEMENT OF U.S. PATENT NO. D756,998; AND** |
| 26         Defendants. | **(4) INFRINGEMENT OF U.S. PATENT NO. D785,634** |
| 27 | **DEMAND FOR JURY TRIAL** |
| 28 | |

FIRST AMENDED COMPLAINT

Plaintiff Panasonic Corporation ("Panasonic"), by and through its undersigned attorneys, brings this action against Getac Technology Corporation ("GTC") and Getac, Inc. (collectively, "Defendants" or "Getac") and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, §§ 271, 281, 1331, and 1338, and arising from Getac's infringement of U.S. Design Patent Nos. D766,232 ("the 'D232 Patent"), D756,994 ("the 'D994 Patent"), D756,998 ("the 'D998 Patent"), and D785,634 ("the 'D634 Patent") (collectively, "the Patents-in-Suit"). A copy of the 'D232 Patent, the 'D994 Patent, the 'D998 Patent, and the 'D634 Patent are attached as Exhibits A, B, C, and D, respectively.

## THE PARTIES

2. Plaintiff Panasonic is a corporation organized under the laws of Japan having its principal place of business at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan.

3. Panasonic is a leading designer and manufacturer of electronic products for consumer, business and industrial purposes, including personal computers. As a result of its significant investment in research and development, Panasonic has developed innovative product designs and cutting-edge technologies.

4. On information and belief, Defendant GTC is a Taiwanese corporation with its principal place of business believed to be at 4F, No. 1, R&D 2nd Road, Hsinchu Science Park, Hsinchu County, Taiwan, R.O.C.

5. On information and belief, Defendant Getac, Inc. is a California corporation having its principal place of business at 15495 Sand Canyon Avenue Suite 350, Irvine, California 92618.

6. On information and belief, GTC and Getac, Inc. operate an interactive website (https://www.getac.com). Consumers in the United States seeking to purchase Getac products, such as the GETAC K120 Fully Rugged Tablet ("GETAC K120"),

which infringes the Patents-in-Suit, are directed to a division of the website operated by Getac, Inc. A true and correct screen shot from Getac's website for GETAC K120, as of April 14, 2019, and a page for requesting a quote for the product, as of May 1, 2019, are attached as Exhibits E and F, respectively.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332, and 1338(a).

8. On information and belief, GTC and Getac, Inc. are part of a world-wide effort to compete in the rugged computer industry. As shown in the Getac Corporate Video on the www.getac.com website, Getac designs and delivers Getac's "rugged solutions . . . in more than 40 countries, offering local support through [its] worldwide service network." A true and correct screen shot from Getac, Inc.'s website of the Getac Corporate Video, as of May 1, 2019, is attached as Exhibit G.

9. On information and belief, this Court has personal jurisdiction over GTC by virtue of, *inter alia*, GTC's continuous and systematic activities in California with and through Getac, Inc., GTC's wholly owned subsidiary, advertising of the GTC products in California and elsewhere through the www.getac.com website, by encouraging interested consumers to contact Getac sales representatives in California, and, upon information and belief, through substantial sales of GTC's products directly to consumers and/or through authorized Getac suppliers located in California.

10. This Court has personal jurisdiction over Getac, Inc. by virtue of, *inter alia*, Getac, Inc.'s incorporation in Irvine, California, having, upon information and belief, conducted business in California such that it should reasonably anticipate being haled into court in this judicial district, and having engaged in systematic and continuous contacts with the State of California, including through the purposeful marketing and offering for sale of the infringing products in this judicial district, and upon information and belief, through the receipt of revenue from the sales and marketing of infringing products in, and to residents of, this judicial district.

11. On information and belief, GTC also participates in, influences and controls Getac, Inc. management decisions. For example, GTC's Vice Chairman, Francis Tsai, is the sole Board Member of Getac, Inc. and GTC's Vice President, Rowina Lee, is a Key Executive for Getac, Inc. True and correct screen shots of Getac group's website listing the GTC directors, as of May 1, 2019, and Bloomberg's report on Getac, Inc., as of April 30, 2019, are attached as Exhibits H and I, respectively.

12. Venue is proper in the Central District of California under the general federal venue statute, 28 U.S.C. §§ 1391(b), (c), and (d) because Getac, Inc. is deemed to reside in this District and GTC has performed continuous and systematic activities in California itself and through Getac, Inc. In addition, and in the alternative, venue is proper in this judicial district under the specific venue provision relating to patent infringement cases, 28 U.S.C. § 1400(b) because Defendants have committed acts of infringement in this District.

## PATENTS-IN-SUIT

13. On September 13, 2016, the USPTO duly and legally issued the 'D232 Patent entitled "Portable Computer."

14. The 'D232 Patent is valid and enforceable.

15. Panasonic is the sole assignee and owner of all right, title and interest in and to the 'D232 Patent.

16. On May 24, 2016, the USPTO duly and legally issued the 'D994 Patent entitled "Potable [sic] Computer."

17. The 'D994 Patent is valid and enforceable.

18. Panasonic is the sole assignee and owner of all right, title and interest in and to the 'D994 Patent.

19. On May 24, 2016, the USPTO duly and legally issued the 'D998 Patent entitled "Portable Computer."

20. The 'D998 Patent is valid and enforceable.

21. Panasonic is the sole assignee and owner of all right, title and interest in and to the 'D998 Patent.

22. On May 2, 2017, the USPTO duly and legally issued the 'D634 Patent entitled "Portable Computer Connection Terminal With Keyboard."

23. The 'D634 Patent is valid and enforceable.

24. Panasonic is the sole assignee and owner of all right, title and interest in and to the 'D634 Patent.

## BACKGROUND

25. Panasonic's innovative products include the Panasonic line of TOUGHBOOK® rugged laptops, which Panasonic markets and sells in the United States through its Newark, New Jersey-based wholly owned subsidiary, Panasonic Corporation of North America.

26. Panasonic has protected its innovative products and designs, including its TOUGHBOOK® rugged laptops, through a broad range of intellectual property rights, including through design patents issued by the United States Patent and Trademark Office ("USPTO").

27. Panasonic has been actively engaged in the development, manufacture, and sale of rugged portable computers for over 20 years.

28. Panasonic's Toughbook CF-20 ("the CF-20") and Toughbook CF-33 ("the CF-33") (collectively, "the Toughbooks") practice the Patents-in-Suit.  True and correct screen shots from Panasonic's website for the CF-20 and the CF-33, as of May 1, 2019, are attached as Exhibits J and K, respectively.

29. The CF-20 debuted on November 9, 2015 through a press release in Munich, Germany.  A true and correct screen shot of Business Wire's November 9, 2015 article on Panasonic's launch of the CF-20 is attached as Exhibit L.

30. The CF-20 was also publicly displayed on February 22, 2016 at the Mobile World Congress ("MWC") Barcelona 2016.

31. The CF-33 debuted on February 27, 2017 at the MWC Barcelona 2017.

32. The MWC Barcelona is the largest mobile technology event in the world with attendees coming from thousands of leading-edge technology companies and is widely known to assemble today's visionaries to explore the hottest topics influencing the industry.

33. On information and belief, Getac also participated in the MWC Barcelona 2016 to introduce its product, Getac RX10.  A true and correct copy of Windows Blog post of the MWC Barcelona 2016 addressing the CF-20 and the Getac RX10 is attached as Exhibit M.

34. On information and belief, as a company involved in the same industry of rugged portable devices, Getac would have been aware of the CF-20 through at least the MWC Barcelona 2016.

35. On information and belief, Getac would have also been aware of the CF-33 through at least the product's debut at the MWC Barcelona 2017.

36. In addition to the publicity of the Toughbooks, at least as early as October 3, 2017, pursuant to 35 U.S.C. § 287(a), Panasonic provided on its website the list of patents it owns along with the product names, which included the Toughbooks and the Patents-in-Suit.  A true and correct screen shot of Panasonic's website listing the product names of all its TOUGHBOOK® series and their relevant patents is attached as Exhibit N.

37. As a result, Getac had actual and/or constructive notice of the Patents-in-Suit.

**COUNT I: INFRINGEMENT OF THE 'D232 PATENT**

38. Panasonic alleges and incorporates by reference the allegations set forth in paragraphs 1 through 37.

39. Getac has misappropriated Panasonic's patented portable computer design in the accused GETAC K120.  The below comparison uses a 'D232 Patent SCORE image showing Fig. 19 in the issued patent (attached as Exhibit A).  SCORE images are available publicly as "Supplemental Content" through Public Pair.  For purposes of

1  this comparison, the bracket (indicating an exploded view) in the 'D232 Patent SCORE
2  image (and corresponding Fig. 19 of the 'D232 Patent) was excluded.

| 'D232 Patent SCORE Image | GETAC K120 |
|---|---|

16  40.  On information and belief, GETAC K120 was first launched in September
17  19, 2018—more than 2 years after the CF-20 was introduced at the MWC Barcelona
18  2016.

19  41.  GETAC K120 is deceptively similar and substantially the same as the
20  patented design of the 'D232 Patent when viewed through the eyes of the ordinary
21  observer and considering the infringing product as a whole.  A true and correct copy of
22  a post on ruggedpcreview.com viewing GETAC K120 as Getac's equivalent of the CF-
23  33 is attached as Exhibit O.

24  42.  On information and belief, Getac used its knowledge of the Toughbooks
25  and copied the designs covered by the Patents-in-Suit.

26  43.  Getac's unauthorized use, offer for sale, sale and importation into the
27  United States of GETAC K120 during the term of the 'D232 Patent infringes the 'D232
28  Patent.

44. Getac's unauthorized use, offer for sale, sale and importation into the United States of GETAC K120 is without authorization from Panasonic.

45. Getac's unauthorized use, offer for sale, sale and importation into the United States of GETAC K120, which incorporates the patented design of the 'D232 Patent, has caused, and will continue to cause, Panasonic financial and reputational harm.

46. Despite having constructive notice of its infringement of the 'D232 Patent, Getac has infringed, and will continue to infringe unless enjoined, the 'D232 Patent.

47. Getac's infringement of the 'D232 Patent has been and continues to be willful and deliberate.

48. In violation of 35 U.S.C. § 271, Getac has infringed and continues to infringe the 'D232 Patent by using, offering for sale, selling, and/or importing into the United States at least GETAC K120 identified in this First Amended Complaint, which employs the design covered by the 'D232 design patent.

## COUNT II: INFRINGEMENT OF THE 'D994 PATENT

49. Panasonic alleges and incorporates by reference the allegations set forth in paragraphs 1- 48.

50. Getac has misappropriated Panasonic's patented portable computer design in the accused GETAC K120. The below comparison uses a 'D994 Patent SCORE image showing Fig. 10 in the issued patent (attached as Exhibit B). SCORE images are available publicly as "Supplemental Content" through Public Pair.

| 'D994 Patent SCORE Image | GETAC K120 |
|---|---|



51. GETAC K120 is deceptively similar to and substantially the same as the patented design of the 'D994 Patent when viewed through the eyes of the ordinary observer and considering the infringing product as a whole.

52. Getac's unauthorized use, offer for sale, sale, and importation into the United States of GETAC K120 during the term of the 'D994 Patent infringes the 'D994 Patent.

53. Getac's unauthorized use, offer for sale, sale, and importation into the United States of GETAC K120, which incorporates the patented design of the 'D994 Patent, has caused, and will continue to cause, Panasonic financial and reputational harm.

54. Despite having constructive notice of its infringement of the 'D994 Patent, Getac has infringed, and will continue to infringe unless enjoined, the 'D994 Patent.

55. Getac's infringement of the 'D994 Patent has been and continues to be willful and deliberate.

56. In violation of 35 U.S.C. § 271, Getac has infringed and continues to infringe the 'D994 Patent by using, offering for sale, selling, and/or importing into the United States at least GETAC K120 identified in this First Amended Complaint, which employs the design covered by the 'D994 design patent.

**COUNT III: INFRINGEMENT OF THE 'D998 PATENT**

57. Panasonic alleges and incorporates by reference the allegations set forth in paragraphs 1-56.

58. Getac has misappropriated Panasonic's patented portable computer design in the accused GETAC K120. The below comparison uses a 'D998 Patent SCORE image showing Fig. 1 in the issued patent (attached as Exhibit C). SCORE images are available publicly as "Supplemental Content" through Public Pair.



| 'D998 Patent SCORE Image | GETAC K120 |

59. GETAC K120 is deceptively similar and substantially the same as the patented design of the 'D998 Patent when viewed through the eyes of the ordinary observer and considering the infringing products as a whole.

60. Getac's unauthorized use, offer for sale, sale, and importation into the United States of GETAC K120 during the term of the 'D998 Patent infringes the 'D998 Patent.

61. Getac's unauthorized use, offer for sale, sale and importation into the United States of GETAC K120 computer tablets, which incorporates the patented design of the 'D998 Patent, has caused, and will continue to cause, Panasonic financial and reputational harm.

62. Despite having constructive notice of its infringement of the 'D998 Patent, Getac has infringed, and will continue to infringe unless enjoined, the 'D998 Patent.

63. Getac's infringement of the 'D998 Patent has been and continues to be willful and deliberate.

64. In violation of 35 U.S.C. § 271, Getac has infringed and continues to infringe the 'D998 Patent by using, offering for sale, selling and/or importing into the United States at least GETAC K120 identified in this First Amended Complaint, which employs the design covered by the 'D998 design patent.

## COUNT IV: INFRINGEMENT OF THE 'D634 PATENT

65. Panasonic alleges and incorporates by reference the allegations set forth in paragraphs 1-64.

66. Getac has misappropriated Panasonic's patented portable computer design in the accused GETAC K120. The below comparison uses a 'D634 Patent SCORE image showing Fig. 1 in the issued patent (attached as Exhibit D). SCORE images are available publicly as "Supplemental Content" through Public Pair.



| 'D634 Patent SCORE Image | GETAC K120 |

67. GETAC K120 is deceptively similar and substantially the same as the patented design of the 'D634 Patent when viewed through the eyes of the ordinary observer and considering the infringing products as a whole.

68. Getac's unauthorized use, offer for sale, sale, and importation into the United States of GETAC K120 during the term of the 'D634 Patent infringes the 'D634 Patent.

69. Getac's unauthorized use, offer for sale, sale, and importation into the United States of GETAC K120, which incorporates the patented design of the 'D634 Patent, has caused, and will continue to cause, Panasonic financial and reputational harm.

70. Despite having constructive notice of its infringement of the 'D634 Patent, Getac has infringed, and will continue to infringe unless enjoined, the 'D634 Patent.

71. Getac's infringement of the 'D634 Patent has been and continues to be willful and deliberate.

72. In violation of 35 U.S.C. § 271, Getac has infringed and continues to infringe the 'D634 Patent by using, offering for sale, selling, and/or importing into the United States at least GETAC K120 identified in this First Amended Complaint, which employs the design covered by the 'D634 design patent.

## PRAYER FOR RELIEF

WHEREFORE, Panasonic prays for relief as follows:

a. A judgment that Getac has infringed the 'D232 Patent, the 'D994 Patent, the 'D998 Patent, and the 'D634 Patent;

b. A judgment declaring Getac's infringement of the 'D232 Patent, the 'D994 Patent, the 'D998 Patent, and the 'D634 Patent willful and deliberate;

c. A finding that Panasonic has no adequate remedy at law and an order and judgment permanently enjoining Getac, its parent companies, subsidiaries, related companies, and all persons acting in concert or participation with Getac, or persons acting or purporting to act on its behalf, including, but not limited to its officers, directors, partners, owners, agents, representatives, employees, attorneys, successors, and assigns, and any and all persons acting in concert or privity with them, from making, using, importing, exporting, distributing, supplying, selling or offering to sell,

or causing to be sold any product falling within the scope of the 'D232 Patent, the 'D994 Patent, the 'D998 Patent and the 'D634 Patent, or otherwise contributing to or inducing the infringement of the 'D232 Patent, the 'D994 Patent, the 'D998 Patent and the 'D634 Patent;

d. A judgment awarding Panasonic all damages adequate to compensate for Getac's infringement of the 'D232 Patent, the 'D994 Patent, the 'D998 Patent, and the 'D634 Patent, including all pre-judgment and post-judgment interest at the maximum rate permitted by law, as well as its costs and disbursements;

e. A judgment awarding Panasonic (i) all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest; or alternatively, at Panasonic's election (ii) Getac's total profits arising from the infringement of the 'D232 Patent, the 'D994 Patent, the 'D998 Patent, and the 'D634 Patent, as provided in 35 U.S.C. § 289;

f. A finding that this case is exceptional and a judgement awarding Panasonic its costs in this action with reasonable attorney's fees as provided in 35 U.S.C. § 285;

g. A judgment ordering the recall and destruction of all materials within the control of Getac, its parent companies, subsidiaries, or related companies, and their agents or distributors, that in any way infringe upon the 'D232 Patent, the 'D994 Patent, the 'D998 Patent, and the 'D634 Patent; and

h. Such other and further relief against Getac in favor of Panasonic that this court deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and Civil Local Rule 38-1, Panasonic hereby demands trial by jury on all issues raised by the First Amended Complaint.

Date: August 28, 2019

HAYNES AND BOONE, LLP

/s/Kenneth G. Parker
Kenneth G. Parker
Jason T. Lao
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000

William H. Frankel
Tadashi Horie
Andrew S. McElligott
Jieun Lee
**BRINKS GILSON & LIONE**
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611
Telephone: (312) 321-4200

*Attorneys for Plaintiff Panasonic Corporation*