Kenneth G. Parker (State Bar No. 182911)
kenneth.parker@haynesboone.com
Jason T. Lao (State Bar No. 288161)
jason.lao@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

William H. Frankel (IL Bar No. 3127933;
        admitted *pro hac vice*)
wfrankel@brinksgilson.com
Tadashi Horie (IL Bar No. 6256941;
        admitted *pro hac vice*)
thorie@brinksgilson.com
Andrew S. McElligott (IL Bar No. 6317538;
        admitted *pro hac vice*)
amcelligott@brinksgilson.com
**BRINKS GILSON & LIONE**
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Jieun Lee (VA Bar No. 92923;
        admitted *pro hac vice*)
jlee@brinksgilson.com
**BRINKS GILSON & LIONE**
1775 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
Telephone: (202) 296-8700
Facsimile: (202) 296-8701

*Attorneys for Plaintiff Panasonic Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANASONIC CORPORATION,<br><br>            Plaintiff,<br><br>    vs.<br><br>GETAC TECHNOLOGY CORPORATION and GETAC, INC.,<br><br>            Defendants. | Case No.:  8:19-cv-01118-DOC-DFM<br>Hon. Judge David O. Carter<br><br>[Discovery Document: Referred to Magistrate Judge Douglas F. McCormick]<br><br>**STIPULATED PROTECTIVE ORDER** |

## 1. PURPOSES AND LIMITATIONS

The parties agree that discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted (collectively "Protected Material" as defined below). Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable and competitively sensitive research, marketing, development, commercial, financial, technical and/or other proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, information regarding proprietary product developments, or other confidential research, development, or commercial information (including information implicating privacy rights), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to

address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.

Unrestricted or unprotected disclosure of confidential information, such as product specifications, design history files, financial information, sales information, business and marketing strategy, or information concerning business operations would result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

3. ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party

seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4. <u>DEFINITIONS</u>

The following terms shall have the following meanings in this Order:

4.1 <u>Action</u>: *Panasonic Corp. v. Getac Technology Corp., et al.,* Case No. 8:19-cv-01118-DOC-DFM (C.D. Cal.) and related cross-action.

4.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or items not generally known to others, and that (i) the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence; or (ii) are protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.  "Confidential" Information or Items may include any form of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G).

4.4    Counsel: Outside Counsel and In-House Counsel (as well as their support staff).

4.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only."

4.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8    "Highly Confidential – Outside Attorneys' Eyes Only" Information or Items: highly sensitive "Confidential" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of competitive injury to the Designating Party, as defined herein.  "Highly Confidential – Outside Attorneys' Eyes Only" designations are to be used for sensitive technical, financial, competitive, or personnel information, which is not known by third parties and that the Designating Party would not normally reveal to third parties or

would require third parties to maintain in confidence by agreements, policies, or procedures.

4.9 <u>In-House Counsel</u>: attorneys who are employees, contractors, or consultants of a Party for general purposes in addition to this specific Action. In-House Counsel does not include Outside Counsel or any other outside counsel.

4.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

4.11 <u>Outside Counsel</u>: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.12 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, and Outside Counsel (and their support staffs).

4.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, trial support, trial consulting services, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only," including any information copied or extracted from Protected Material, and all copies, excerpts, summaries, or compilations of Protected Material.

4.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Designating Party.

5. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge or a separate agreement between the parties. Except where so stated, this Order does not govern the use of Protected Material at trial.

The protections conferred by this Order do not cover: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, unless the publication was inadvertent; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a Non-Party without restriction as to disclosure, provided such Non-Party has the right to make the disclosure to the Receiving Party.

6.      DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

7.      DESIGNATING PROTECTED MATERIAL

7.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only that material, documents, items or oral or written

communications that qualify so that other material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Protected Material must be designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the applicable legend ("Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only") on each page.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the materials made available for inspection shall be deemed "Highly Confidential – Outside Attorneys' Eyes Only." There will be no waiver of confidentiality by the inspection of documents or items before they are copied and designated pursuant to this Order.  After the Receiving Party has identified the documents it wants copied and produced, before producing

these documents, the Designating Party must affix the applicable legend ("Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only") on each.

(b) for testimony given in depositions, the Designating Party (or the Party or Non-Party whose confidential information is being disclosed by the deponent) may identify the specific portions of the testimony and exhibits as to which protection is sought at the time of the testimony, alternatively if no protective designation of testimony or any exhibits is made during a deposition the transcript of the deposition and all exhibits and attachments shall be considered "Highly Confidential – Outside Attorneys' Eyes Only" until the deadline for the errata sheet. During that period, either Party may designate the portions of the transcript and any specific exhibits or attachments that are to be treated as protected by electing the appropriate designation of "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only." If a Party elects to apply any designations as described herein, that Party shall advise the other Parties and the stenographer and/or videographer of the specific portions and/or exhibits and the proposed designations in writing, before the deadline for the errata sheet. If no such designations are made, then the entire transcript and exhibits and attachments will be considered unprotected.

(c) for information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information is stored the applicable legend ("Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only"). If only a portion or portions of the information warrants protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

7.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate Protected Material does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Protected Material is treated in accordance with the provisions of this Order, including seeking the return or destruction of any material previously disclosed.

7.4    <u>Inadvertent Production of Work Product or Privileged Information</u>. Consistent with Federal Rule of Evidence 502, the inadvertent production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege, so long as the holder of the privilege took reasonable steps to prevent disclosure and took reasonable steps to rectify the error upon discovery of such error. Upon reasonably prompt written request of the Designating Party, the Receiving Party shall return or destroy the information and any copies it has within five (5) business days of receiving such written request; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and, notwithstanding the foregoing, the Receiving Party's Outside Counsel may retain, in a secure location, one copy of the information for the sole purpose of challenging the assertion of privilege or work product. If the Receiving Party disagrees with the designation of the information as privileged or otherwise protected after conferring with the Designating Party in good faith, the Receiving Party may move the Court for production of the returned documents or materials. If the Court upholds the Designating Party's claim, the Receiving Party shall return or destroy the information no later than two (2) business days from the Court's ruling. If the Receiving Party does not file a motion within fifteen (15) days after conferring with the Designating Party, the Receiving Party shall return or destroy the information.

STIPULATED PROTECTIVE ORDER

7.5    <u>Non-Party Designations</u>.  A Non-Party may designate as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only," pursuant to this Order, any document, material, information or testimony produced by the Non-Party during discovery in this case.

7.6    <u>Requests for Identification of Specific Protected Material</u>.  To facilitate use of confidential information and compliance with the Court's rules regarding filing under seal, while still encouraging full and efficient production of documents, the Receiving Party may request the Designating Party identify with particularity (i.e. by pages and the specific material on those pages) the material in documents designated under the Order that it considers to be Protected Material.  The Designating Party shall provide a response within 5 business days, which may be extended by agreement of the Parties, that indicates which pages in the document, and which portion of the material on those pages, contains Protected Material.  The Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

8.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2    <u>Meet and Confer</u>.  The Party or Non-Party challenging confidentiality designations must serve on the Designating Party a written objection to the designation, describing with particularity the document or information in question and the grounds for objection.  The Designating Party must respond in writing to the objection within seven (7) days, stating with particularity the grounds for asserting that the document or information is "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only."  Counsel for the Designating and challenging Parties and/or Non-Party, shall meet and confer by phone within five (5) business days of such response.  If unable to settle their differences in the meet

and confer conference, the challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

8.3     Joint Stipulation.  Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

9.     ACCESS TO AND USE OF PROTECTED MATERIAL

9.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures compliance with this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

9.2     Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a) the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) Up to three (3) officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for prosecution or defense of this Action, and who execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Authorized Experts (as defined in this Order in para. 9.4(b)) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its support personnel, jurors, and court reporters in this Action;

(e) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) any designated mediator who is assigned to hear this Action, or who has been selected by the Parties, and his or her supporting personnel;

(g) the author or recipient of a document, or the original source of the information or any person who has already seen the document or information (unless that source or person has only seen or had possession of the document or information in violation of this Order or another court order); and

(h) any person designated by mutual agreement of the parties who has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9.3  <u>Disclosure of "Highly Confidential – Outside Attorneys' Eyes Only" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "<u>Highly Confidential – Outside Attorneys' Eyes Only</u>" only to:

(a) the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) Authorized Experts (as defined in this Order in para. 9.4(b)) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its support personnel, jurors, and court reporters in this Action;

(d) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) any designated mediator who is assigned to hear this Action, or who has been selected by the Parties, and his or her supporting personnel;

(f) the author or recipient of a document, or the original source of the information or any person who has already seen the document or information (unless that source or person has only seen or had possession of the document or information in violation of this Order or another court order); and

(g) any person designated by mutual agreement of the parties who has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9.4    <u>Procedures for Approving Disclosure Of "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" Information or Items to Experts</u>.

(a)    Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert any information or item that has been designated "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only," first must ensure the Expert has no conflicts with the representation, and make a written request to the Designating Party seeking permission to disclose such information to the Expert.  The written request shall include an executed copy of the Expert's "Acknowledgment and Agreement to Be Bound" (Exhibit A), a current curriculum vitae, and a description of the Expert's testifying and litigation consulting engagements within the past four (4) years, including an identification of the party on whose behalf the Expert

was retained in such engagements. This written request is not required for the Expert's staff. The Expert, however, shall take full responsibility to ensure that staff members working under his or her supervision comply with the terms of the Protective Order.

(b) An Expert that has complied with the requirements of the preceding paragraph shall be deemed an Authorized Expert; unless, within five (5) business days of delivering the request, the Requesting Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Receiving Party that receives a timely written objection must meet and confer with the Designating Party to try and resolve the matter by agreement. If no agreement is reached, then the Designating Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.*

10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>
      <u>PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, the Receiving Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a

determination on the protective order by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non- Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the

Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination on the protective order by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

13.    MISCELLANEOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any Party or person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Protected Material covered by this Order.

13.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.4 <u>Right to Advise Client</u>. Nothing in this Order shall restrict Outside Counsel from advising its client with respect to this action. In giving such advice, Outside Counsel may rely upon an examination of Protected Material. Unless otherwise authorized by this Order, Outside Counsel, however, shall not disclose the contents of any Protected Material to its client.

13.5 <u>Non-Parties</u>. The terms of this Order shall be applicable to any Non-Party that produces information which is designated by such Non-Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

13.6 Prosecution Bar. Any person reviewing any of another party's "Highly Confidential – Attorneys' Eyes Only" material of a technical nature shall not, for a period commencing upon receipt of such information and ending two years following the conclusion of this case (including any appeals), be involved in the prosecution of design or utility patents or patent applications relating to personal computers, laptop computers, tablets, or "2-in-1s" on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. For the avoidance of doubt, persons receiving Highly Confidential –Attorneys' Eyes Only" material are not prohibited from participating in any patent opposition, reissue, inter partes review, post grant review or reexamination proceedings, provided that such persons shall not participate in the drafting or amending of patent claims in any

such proceedings. To ensure compliance with the purpose of this provision, each party shall create an "Ethical Wall" between those persons with access to "Highly Confidential – Attorneys' Eyes Only" material of a technical nature and any individuals who, on behalf of the party or its acquirer, successor, predecessor, or other affiliate, directly or indirectly draft, amend, advise, or otherwise affect the scope or maintenance of patent claims relating to personal computers, laptop computers, tablets, or "2-in-1s," including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the Patent Office. The parties expressly agree that the prosecution bar set forth herein shall be personal to any attorney who received "Highly Confidential – Attorneys' Eyes Only" material and shall not be imputed to any other persons or attorneys at the attorney's law firm.

14. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Designating Party, within 60 days after the termination of this action, each Receiving Party must return all Protected Material to the Designating Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

15. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**SO STIPULATED BY:**

Dated: February 26, 2020      HAYNES AND BOONE, LLP


By:   */s/Kenneth G. Parker*
       Kenneth G. Parker
       Jason T. Lao
       HAYNES AND BOONE, LLP

       William H. Frankel
       Tadashi Horie
       Andrew S. McElligott
       Jieun Lee
       BRINKS GILSON & LIONE

       *Attorneys for Plaintiff Panasonic Corporation*

Dated: February 26, 2020      KING & SPALDING LLP


By:   */s/Joseph N. Akrotirianakis*
       Christopher C. Campbell
       Joseph N. Akrotirianakis

       *Attorneys for Defendants Getac Technology Corporation & Getac, Inc.*

**IT IS SO ORDERED.**


DATED: February 28, 2020 _____

_____
Hon. Douglas F. McCormick
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

### *Panasonic Corp. v. Getac Technology Corp., et al.,*
### *No. 8:19-cv-01118-DOC-DFM (C.D. Cal.)*

I _____, declare as follows:

1. My address is _____.

2.     I am presently employed as _____ by _____.

3.     I have received a copy of the Stipulated Protective Order entered in the above action on _____, 2019 (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order, and agree to comply with and to be bound by all of its terms.

4.     I will hold in confidence, and use any and all Protected Material only to the extent permitted by the Protective Order.

5.     I will return all Protected Material that comes into my possession, custody, or control to Outside Counsel for the party by whom I am employed or retained.

6.     I understand that any violation of the Protective Order may subject me to sanctions by the Court, civil liabilities, criminal liabilities, or any combination of the above.

7.     I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order.

//

//

//

1      I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3      Executed on _____, _____, at _____.
4
5
6                      _____
7                      _____
8                      Print Name and Sign
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER