Jason T. Lao (State Bar No. 288161)
jason.lao@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

William H. Frankel (IL Bar No. 3127933;
　　admitted *pro hac vice*)
wfrankel@brinksgilson.com
Tadashi Horie (IL Bar No. 6256941;
　　admitted *pro hac vice*)
thorie@brinksgilson.com
Andrew S. McElligott (IL Bar No. 6317538;
　　admitted *pro hac vice*)
amcelligott@brinksgilson.com
**BRINKS GILSON & LIONE**
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

*Attorneys for Plaintiff Panasonic Corporation*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANASONIC CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GETAC TECHNOLOGY CORPORATION and GETAC, INC.,<br><br>　　　　Defendants. | **Case No. 8:19-CV-01118-DOC-DFM**<br><br>**NOTICE OF ERRATA FOR JULY 27, 2020 CLAIM CONSTRUCTION HEARING** |

1     **TO THE HONORABLE COURT AND ALL PARTIES AND THEIR**

2     **ATTORNEYS OF RECORD:**

3         **PLEASE TAKE NOTICE THAT** Plaintiff Panasonic Corporation hereby

4 files this notice of errata to correct an inadvertent error made during the parties' July

5 27, 2020 claim construction hearing. During the hearing, counsel for Defendants

6 Getac Technology Corporation and Getac, Inc. ("Defendants") presented a purported

7 inconsistency between Figure 9 and Figure 18 of U.S. Patent No. D766,232 ("the

8 D'232 Patent") in Slide 45 of their demonstratives. D.I. 104-1 at 46. Panasonic's

9 counsel stated in response that Figure 9 was controlling (July 27, 2020 Markman Tr.

10 46:22-47:24), but this was an error. Figure 18 depicts the correct scope of the claim

11 and one of ordinary skill would have understood that the tablet shown in the D'232

12 patent is not claimed.

13     Defendants initially raised an alleged inconsistency between Figures 9 and 18

14 in their Disclosure of Preliminary Claim Constructions and Extrinsic Evidence (D.I.

15 76-2 at 25-26), as a basis for holding the claim indefinite. Though Defendants chose

16 not to brief this argument or to have their experts opine on it, they, nevertheless,

17 presented this argument to the Court through their *Markman* demonstratives. D.I.

18 104-1 at 46. Panasonic timely objected in its Objections to Defendants' *Markma*n

19 Slides, as Defendant's Slide 45 (arguing the inconsistency) contained a "[n]ew

20 argument and/or no citation to the record." D.I. 102 at 4. At the hearing, Panasonic's

21 counsel again objected to the new arguments in Defendants' slides, but stated that

22 Panasonic would respond to them during the hearing in order to keep the case moving

23 forward. (July 27, 2020 Markman Tr. 33:10-34:12). Though Panasonic was prepared

24 to address those arguments included in Defendants' slides, Defendants repurposed

25 their demonstratives during the hearing to present new and different arguments.

26 What was described in Defendants' slides as an argument for indefiniteness (D.I.

27 104-1 at 42) was presented at the *Markman* hearing as one of claim construction (July

28 27, 2020 Markman Tr. 28:1-29:3, 32:13-33:6, 37:16-25). Panasonic's counsel

1  attempted to address these new issues during the hearing, but made an inadvertent
2  error when discussing the purported inconsistency in Slide 45.

3  Figure 18 (not Figure 9) represents the scope of the D'232 patent claim. Getac
4  argues that the purported inconsistency between Figures 9 and 18 raises a claim
5  construction issue of whether or not the "tablet connector" is claimed. (July 27, 2020
6  Markman Tr. 32:13-33:6, 37:16-25). However, as Panasonic's expert Peter Bressler
7  has repeatedly opined, the tablet shown in the D'232 Patent (which includes the
8  "tablet connector") is unclaimed. D.I. 78-1 at ¶¶89, 91-82. The patent should be
9  construed by considering all of the figures, as they are all informative as to the
10 claimed design. D.I. 78-1 at ¶49; D.I. 76-3 at 56-7, ¶2; *Contessa Food Prods., Inc. v.*
11 *Conagra, Inc*. 282 F.3d 1370, 1376 (Fed. Cir. 2002). Viewing all of the figures, one
12 of skill in the art would understand that "[a]s the tablet is shown in broken lines in the
13 D'232 Patent, it forms no part of the claimed design." D.I. 78-1 at ¶91 ("In my
14 opinion, Figure 9 (cited by Getac D.I. 76 at 16)…again shows the unclaimed tablet
15 structure…."). Viewing Figures 9 and 18 in isolation, as Defendants presented them
16 at the hearing, Panasonic's counsel incorrectly identified Figure 9 as controlling but,
17 as the record demonstrates, one of skill in the art would understand that Figure 18 is,
18 in fact, controlling – showing the tablet connector in dashed lines indicating that (like
19 the rest of the tablet) it is unclaimed.

20 In view of the foregoing, Panasonic submits this Notice of Errata to correct the
21 record and counsel's inadvertent error during the hearing regarding this newly raised
22 issue.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

| | | |
|---|---|---|
| 1 | Date: August 3, 2020 | HAYNES AND BOONE, LLP |
| 2 | | */s/Jason T. Lao* |
| 3 | | Jason T. Lao |
| 4 | | **HAYNES AND BOONE, LLP**<br>600 Anton Boulevard, Suite 700 |
| 5 | | Costa Mesa, California 92626<br>Telephone: (949) 202-3000 |
| 6 | | William H. Frankel |
| 7 | | Tadashi Horie<br>Andrew S. McElligott |
| 8 | | Jieun Lee<br>**BRINKS GILSON & LIONE** |
| 9 | | 455 N. Cityfront Plaza Drive, Suite 3600<br>Chicago, Illinois 60611<br>Telephone: (312) 321-4200 |
| 11 | | *Attorneys for Plaintiff Panasonic Corporation* |