Kenneth G. Parker (State Bar No. 182911)
kenneth.parker@gibsondunn.com
Jessica A. Hudak (State Bar No. 313834)
jhudak@gibsondunn.com
**GIBSON DUNN**
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451 4336
Facsimile: (949) 475 4726

William H. Frankel (IL Bar No. 3127933;
        admitted *pro hac vice*)
wfrankel@brinksgilson.com
Tadashi Horie (IL Bar No. 6256941;
        admitted *pro hac vice*)
thorie@brinksgilson.com
Andrew S. McElligott (IL Bar No. 6317538;
        admitted *pro hac vice*)
amcelligott@brinksgilson.com
**BRINKS GILSON & LIONE**
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

*Attorneys for Plaintiff Panasonic Corporation*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANASONIC CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>GETAC TECHNOLOGY CORPORATION and GETAC, INC.,<br><br>    Defendants. | **Case No.  8:19-CV-01118-DOC-DFM**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**<br><br>Hearing Date:  September 29, 2020<br>Time:  10:00 a.m.<br><br>Fact Discovery Cutoff: Jan. 13, 2021<br>Discovery Cutoff: March 24, 2021<br>Pretrial Conference: July 5, 2021<br>Trial: July 15, 2021 |

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 29, 2020, at 10:00 a.m., via telephone or video conference pursuant to General Order 20-09 or as otherwise ordered by this Court, Plaintiff Panasonic Corporation will, and hereby does, move for an Order

1.    Requiring Defendants to supplement their response to Interrogatory Number 5 by:

    a.    Identifying with specificity the dates Defendants learned of each of the Patents-in-Suit and the D'994 Patent;

    b.    Providing additional underlying factual information regarding Defendants' first knowledge of the Patents-in-Suit and the D'994 Patent.

2.    Providing such other supplementation as this Court deems just and proper.

Panasonic brings this motion because Defendants refuse to provide the above information, asserting attorney-client privilege.  But underlying factual information, such as accused infringers' knowledge of a patent and the first date they became aware of that patent, are not privileged.  Thus, Panasonic believes this Court should compel Defendants to disclose that factual information.

Panasonic's motion is based on the facts, points, and authorities contained in the Joint Stipulation and the Declarations filed herewith, Panasonic's Supplemental Memorandum and supporting declarations (if any) to be filed, any argument provided

///

///

///

///

1    to the Court, and such other facts, authorities, or information this Court deems just
2    and proper.

3
4    Date: September 2, 2020                    GIBSON, DUNN & CRUTCHER LLP
                                                Kenneth G. Parker
5                                               Jessica A. Hudak

6                                               By:    /s/ Kenneth G. Parker
                                                        Kenneth G. Parker
7                                               BRINKS GILSON & LIONE
8                                               William H. Frankel
                                                Tadashi Horie
9                                               Andrew S. McElligott
                                                Jieun Lee
10
                                                *Attorneys for Plaintiff Panasonic
11                                              Corporation*
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL SUPPLEMENTAL
RESPONSE TO INTERROGATORY NO. 5