1   JOSEPH N. AKROTIRIANAKIS (SBN 197971)
      jakro@kslaw.com
2   KING & SPALDING LLP
    633 West Fifth Street Suite 1600
3   Los Angeles, CA 90071
    Telephone:   (213) 443-4355
4   Facsimile:    (213) 443-4310

5   CHRISTOPHER C. CAMPBELL (pro hac vice)
      ccampbell@kslaw.com
6   KING & SPALDING LLP
    1700 Pennsylvania Ave. NW
7   Suite 200
    Washington, DC 20006
8   Telephone:   (202) 626-5578
    Facsimile:    (202) 626-3737

9
    Attorneys for Defendants GETAC TECHNOLOGY
10  CORPORATION AND GETAC, INC.

11

12                    **UNITED STATES DISTRICT COURT**

13             **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14

15  PANASONIC CORPORATION,              **Case No.  8:19-CV-01118-DOC-DFM**
                                        *(The Honorable David O. Carter)*
16                Plaintiff,
                                        **DEFENDANTS' EX PARTE**
17        v.                            **APPLICATION FOR ORDER**
                                        **ADVANCING HEARING DATE ON**
18  GETAC TECHNOLOGY                    **DEFENDANTS' MOTION TO**
    CORPORATION and GETAC,              **CONTINUE TRIAL AND PRE-TRIAL**
19  INC.                                **DATES AND TO AMEND THE**
                                        **SCHEDULING ORDER**
20                Defendants.
                                        Filed Concurrently Herewith:
21                                           1) Declaration of Cori C. Steinmann and
                                                Exhibits; and
22                                           2) [Proposed] Order

23                                      Courtroom: 9D
                                        Complaint Filed: June 5, 2019
24                                      Trial Date: February 15, 2022

25

26

27

28

1          TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

2          PLEASE TAKE NOTICE that Defendants Getac Technology Corporation and

3    Getac, Inc. (collectively, "Getac"), hereby apply ex parte for an Order advancing the

4    January 24, 2022 hearing on its Motion to Continue Trial and Pre-Trial Dates and to

5    Amend the Scheduling Order ("Motion").  Getac requests that the January 24 hearing

6    date be advanced to January 13 at 8:30 a.m., with Panasonic to file any Opposition to

7    the Motion no later than January 10, and Getac to file any reply brief no later than

8    January 11.  The parties will already be before the Court on January 13 for a hearing on

9    motions for summary judgment, and the parties, having met and conferred, agree that

10   the hearing on the Motion should be advanced to January 13 with the briefing schedule

11   described herein.

12         The Motion is based on the worsening COVID pandemic and the rapid spiking

13   of confirmed cases driven by the Delta and Omicron variants and its concomitant impact

14   on international travel, which will be required for many of the trial witnesses who reside

15   in Taiwan and Japan.  The Motion should be determined as early as possible to allow

16   for relief from upcoming pre-trial and trial deadlines, which are only a month away.

17   This Application is made pursuant to Federal Rule of Civil Procedure 6 and Local Rule

18   7-19 on the ground that this application is the proper procedural mechanism for seeking

19   an order advancing a hearing date, and because good cause exists to advance the

20   hearing.

21         **PLEASE TAKE FURTHER NOTICE that, pursuant to Judge Carter's**

22   **Procedures, any opposition to the relief hereby sought must be filed not later than**

23   **24 hours after electronic mail or hand service of this ex parte Application.**

24         This Application is based on this Notice, the attached Memorandum of Points

25   and Authorities, the Declaration of Cori C. Steinmann ("Steinmann Decl.") and all

26   exhibits attached thereto, and all other pleadings and papers on file in this action.

27         Pursuant to Local Rules 7-19 and 7-19.1, notice of Getac's application has been

28   given to Plaintiff's counsel in writing and this application is submitted following an

1    exchange between counsel, which took place on January 3 and 4, 2022.   Plaintiff
2    Panasonic Corporation is represented by:

3            Kenneth G. Parker, Esq.
4            Gibson, Dunn & Crutcher LLP
             3161 Michelson Drive, Irvine, CA 92612-4412
5            949.451.4336
6            KParker@gibsondunn.com

7            Brooke Myers Wallace, Esq.
8            Gibson, Dunn & Crutcher LLP
             333 South Grand Avenue, Los Angeles, CA 90071-3197
9            213.229.7074
10           bwallace@gibsondunn.com

11

12           Panasonic's counsel has indicated that Panasonic agrees to the relief sought by
13   this Application.

14

15   Dated:  January 5, 2022          KING & SPALDING LLP

16
                                      By:  /s/Joseph N. Akrotirianakis
17                                         JOSEPH N. AKROTIRIANAKIS
18                                         CHRISTOPHER C. CAMPBELL

19                                         Attorneys for Defendants
20                                         GETAC TECHNOLOGY CORPORATION
                                           AND GETAC, INC.
21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND RELEVANT BACKGROUND

On January 3, 2022, Getac filed a Motion to Continue Trial and Pre-Trial Dates and to Amend the Scheduling Order ("Motion," Dkt. No. 269), which is currently set for hearing on January 24, 2022 at 8:30 a.m. (Steinmann Decl. at ¶ 4). This Application requested advancement of the hearing on the Motion to Continue from January 24 to January 13, in order to obtain a ruling from the Court as early as possible and, at a minimum, before the upcoming pre-trial and trial deadlines.

A ruling on the Motion earlier than the noticed hearing date of January 24 will reduce the burdens on the Court and the parties to prepare for pretrial and trial dates which Getac respectfully moves the Court to continue considering the current public health crisis and its effect on jury trials all over the United States. For the reasons set forth herein, this Application to advance the hearing on the Motion should be granted.

## II.   COMPLIANCE WITH LOCAL RULE 7-19.1

On Thursday, December 30, 2021, Getac's counsel emailed Panasonic's counsel regarding its intention to request a trial continuance based on the current COVID surge. (Steinmann Decl., Ex. 1).[1]  Getac inquired whether Panasonic was willing to join in the requested continuance. *Id.*  Through counsel, Panasonic declined to join in the request for a continuance. (Steinmann Decl., Ex. 2).  On Monday, January 3, 2022, counsel conferred about this Application (Steinmann Decl., Ex. 3) and, on January 4, discussed it with Mr. Alan Ball, the Court's special master. (Steinmann Decl. at ¶ 5).  Following the January 4 conference with Mr. Ball, counsel for Panasonic sent an email stating

---

[1] As part of this Application, Getac further requests that it be deemed to have complied with the requirements of L.R. 7-3 with respect to the Motion.  Through counsel, Getac proposed to Panasonic a continuance for the reasons set forth in its Motion, and Panasonic rejected that proposal for reasons the parties have discussed and which presumably will be set forth in Panasonic's opposition to the Motion. Waiting the remainder of the seven-day period described in L.R. 7-3 would be futile and inconsistent with the relief sought by this Application—relief with which Panasonic has indicated it agrees.

"Based on this morning's call with Mr. Ball, we suggest a joint application putting the hearing on 1/13, with our opposition on 1/10 and reply on 1/11 as you suggest." (Steinmann Decl., at ¶¶ 7-8 and Ex. 4).  As such, the parties have agreed to a hearing and briefing schedule, as follows:

- Any opposition to the Motion to be filed no later than January 10
- Any reply brief in support of the Motion to be filed January 11
- Any hearing on the Motion to be held January 13.

**III.   ARGUMENT**

Courts have recognized that it is proper to seek ex parte relief to shorten the time within which a motion may be considered.  *See Morales v. Prolease PEO, LLC*, No. 11-10389, 2011 WL 6740329, at *1 (C.D. Cal. Dec. 22, 2011) ("[T]he use of such a procedure should be limited to instances in which . . . the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e. to 'file an over-long brief or to shorten the time within which a motion may be brought')" (quoting *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)).

By this Application, Getac seeks a "routine order" that is the proper subject of an ex parte application.  *Morales v. Prolease PEO, LLC*, 2011 WL 6740329, at *1. Moreover, advancement of the hearing on the Motion is necessary to conserve judicial resources and to prevent substantial prejudice to the parties in their ability to litigate this action in an efficient and orderly manner and.  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  An early ruling on the Motion will reduce the burden and cost on the Court to comply with impending pre-trial deadlines based on a trial date likely to need to be continued in light of the current worsening in the public health crisis.  If the Motion is heard according on regular notice the parties and the Court will have to expend resources to prepare for the February 15, 2022, despite the pending request for a trial continuance.  Finally, Panasonic agrees to the shortening of notice hereby requested.  (Steinmann Decl., Ex. 4.)

Getac is also not at fault for creating the crisis that necessitated the need for ex

parte relief.  The COVID pandemic has been an ongoing problem for Courts and litigants across the country.  The recent rise of the highly-transmissible Omicron variant continues to drive rapid and record-breaking surges in cases and new international travel restrictions.  The continuing evolution of international travel restrictions driven by the current COVID surge is particularly important in this case given that the most critical trial witnesses reside in Taiwan and Japan.  The need to balance public health and safety while also ensuring that jury trials proceed in a timely manner has been an issue since COVID first arrived in the United States.  Now, almost two years later, the country is again seeing a new nationwide spike in COVID cases and additional restrictions are once again being put in place to slow the spread.  Indeed, on January 3, 2022, this District suspended all jury trials through at least January 24, 2022, which suspension "may be extended as necessary."[2]

The pandemic and its effect on the justice system is beyond anyone's control, and certainly out of Getac's control.  Getac's request is not creating the crisis, but rather is trying to avoid the inefficiencies and undue burden presented by the Court and the parties preparing for a February 2022 trial to only have that trial postponed after that preparation is undertaken or, worse yet a mistrial declared due to infected jurors, Court personnel, witnesses and/or counsel, after trial has commenced.

## IV.    CONCLUSION

For the reasons set forth above, good cause exists to grant this Application and to order a hearing and briefing schedule of:

- Any opposition to the Motion to be filed no later than January 10
- Any reply brief in support of the Motion to be filed January 11
- Any hearing on the Motion to be held January 13.

---

[2] *See* https://www.cacd.uscourts.gov/sites/default/files/documents/2022-01-03%20Notice%20-%20Temporary%20Suspension%20of%20Jury%20Trials.pdf.

1   Dated:  January 5, 2022          KING & SPALDING LLP

2

3                                    By:  */s/Joseph N. Akrotirianakis*
                                          JOSEPH N. AKROTIRIANAKIS
4                                         CHRISTOPHER C. CAMPBELL

5
                                          *Attorneys for Defendants GETAC*
6                                         *TECHNOLOGY CORPORATION AND*
                                          *GETAC, INC.*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28