UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PANASONIC CORP.,<br><br>   Plaintiff,<br><br>   vs.<br><br>GETAC TECHNOLOGY CORP. and GETAC, INC.,<br><br>   Defendants. | Case No. SA CV 19-01118-DOC (DFM)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW [427] |

Before the Court is Defendants' Getac Technology Corporation and Getac, Inc.'s (collectively, "Getac" or "Defendants") Renewed Motion for Judgment as a Matter of Law, on, in the alternative, for a New Trial. (Dkt. 427). The Court heard oral arguments on October 4, 2022. Having reviewed the papers and considered the parties' arguments, the Court DENIES Defendants' Motion.

# I. BACKGROUND

## A. Procedural History

This case went to trial on May 31, 2022. (Dkt. 268). On June 6, 2022, Defendants moved for Judgment a Matter of Law ("JMOL") under Rule 50(a). *See* Dkt. 396 at 83:22–23. On June 8, 2022, the jury delivered a verdict in favor of Plaintiff Panasonic Holdings Corporation ("Panasonic") on the issues of infringement, validity, damages, and willfulness. (Dkt. 389).

On August 12, 2022, Defendants renewed their motion for JMOL by filing the instant Motion. (Dkt. 427). Plaintiff opposed on August 29, 2022 (Dkt. 441) and Defendants replied on September 12, 2022 (Dkt. 442).

# II. LEGAL STANDARD

## A. Judgment as a Matter of Law

Under Federal Rule of Civil Procedure 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

"Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion.'" *Torres v. City of L.A.*, 548 F.3d 1197, 1205 (9th Cir. 2008) (quoting *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002), *cert. denied by Roberts v. Torres*, 556 U.S. 1183 (2009). "In other words, '[a] motion for a judgment as a matter of law is properly

granted only if no reasonable juror could find in the non-moving party's favor.'" *Id.* (quoting *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005)). A "jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). When considering a motion for judgment as a matter of law, the court must view the evidence "'in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party.'" *Torres*, 548 F.3d at 1205–06 (quoting *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000)).

### B. New Trial

Rule 59(a) permits a court to grant a new trial after a jury trial "on all or some of the issues ... for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Granting a new trial is left to the sound discretion of the trial court. *See Browning-Ferris Indus. v. Kelco Disposal*, 492 U.S. 257, 278 (1989).

Historically recognized bases for a new trial include, but are not limited to: (1) a verdict against the clear weight of the evidence, *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987); (2) evidence discovered after trial that would not have been uncovered earlier through the exercise of due diligence, and that is of such magnitude that its production at trial would likely have changed the outcome of the case, *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992–93 (9th Cir. 2001) (citing *Defs. of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000)); (3) jury misconduct; and (4) error in law that has affected the substantial rights of a party, such as erroneous jury instructions, *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990), or erroneous evidentiary rulings, *Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005); *see also* Fed. R. Civ. P. 61; CHARLES A. WRIGHT & ARTHUR R. MILLER, 11 FED. PRAC. & PROC. CIV. § 2805 (3d ed.).

When evaluating whether a verdict is against the clear weight of the evidence, the district court may "weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Landes*, 833 F.2d at 1371. At the same time, it is generally expected that a judge will grant motions for a new trial only

when the judge has given full respect to the jury's findings but is left with the firm conviction that a mistake has been committed. *Id.* at 1371–72.

### III. DISCUSSION

Getac brings a renewed Rule 50(a) motion pursuant to Rule 50(b) of the Federal Rules of Civil Procedure for Entry of Judgment as a Matter of Law, or in the alternative, for a New Trial jury's verdict should be set aside with respect to infringement, validity, damages, and willfulness. Mot. at 1. Getac argues that the jury's conclusions are not supported by substantial evidence. *Id.* In the alternative, Getac moves for a new trial. *Id.* at 25.

A jury's verdict is entitled to substantial deference. *See, e.g., Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 511 n.16 (9th Cir. 2000). Consequently, the Court finds that the evidence put on at trial was adequate to support the jury's conclusion as to all points that Getac disputes. The Court DENIES Getac's Motion for JMOL. Additionally, after giving full respect to the jury's findings, the Court does not find that a mistake has been committed. The Court DENIES Getac's Motion in the alternative for New Trial.

### V. DISPOSITION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Judgment as a Matter Law, or in the alternative, for a New Trial.

DATED: October 7, 2022

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE